# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

ELIJAH DOUGLAS,

          Plaintiff,

v.                                                      CIVIL ACTION NO. 2:24-cv-00696

FAMILY DOLLAR STORES OF
WEST VIRGINIA, LLC,

          Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3). Pending before the Court is *Defendant Family Dollar Stores of West Virginia, LLC's Motion to Dismiss the Plaintiff's Complaint*. (ECF No. 5). For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that Defendant's motion be **GRANTED** as unopposed, and this civil action be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

### I.     BACKGROUND

Plaintiff Elijah Douglas ("Plaintiff"), proceeding pro se, filed this civil action against Defendant Family Dollar Stores of West Virginia, LLC ("Defendant") in the Circuit

Court of Clay County, West Virginia, on October 23, 2024. (ECF No. 1-1). Thereafter on December 4, 2024, Defendant removed the action to this Court. (ECF No. 1). Subsequently on December 11, 2025, Defendant moved to dismiss the Complaint on the grounds that it failed to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 5). On January 17, 2025, the undersigned United States Magistrate Judge entered an *Order and Notice* to provide notice and an explanation of the procedures that a pro-se plaintiff must follow in responding to a defendant's motion to dismiss in accordance with *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). (ECF No. 7). The *Order and Notice* further ordered Plaintiff to file any response to the Defendant's motion by no later than 4:00 p.m. EST on February 14, 2025. *Id.* at 1. Finally, the undersigned's *Order and Notice* expressly notified Plaintiff as follows:

> Plaintiff is hereby . . . **NOTIFIED** that, in the event he or she fails to dispute or oppose the Defendant's motion, the undersigned **WILL** likely recommend to the presiding District Judge that this civil action be dismissed for, among other things, failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure—or, that judgment be granted to the Defendant and Plaintiff's claims against the Defendant be dismissed.

*Id.* at 3. The Clerk of Court was directed to mail a copy of the *Order to Show Cause* to Plaintiff at his address of record. *See id.* at 4. There is no indication on the record that the mail was returned undelivered. To date, however, Plaintiff has not submitted a response to Defendant's pending motion to dismiss.

Subsequently on February 26, 2025, the undersigned entered an *Order to Show Cause*, requiring Plaintiff to "file a written response to this Order by no later than **4:00 p.m. EST** on **Friday, March 14, 2025**, and **SHOW CAUSE** therein why the undersigned should not recommend to the presiding District Judge that this civil action

be dismissed." (ECF No. 8 at 2). Furthermore, the *Order to Show Cause* expressly warned Plaintiff in bold and underlined font, as follows: "**<u>Plaintiff is NOTIFIED that his failure to respond to the directives of this Order WILL result in the undersigned's recommendation of dismissal with prejudice</u>**." *Id*. The Clerk of Court was directed to mail a copy of the *Order to Show Cause* to Plaintiff at his address of record. *See id*. There is no indication on the record that the mail was returned undelivered. To date, however, Plaintiff has not complied with either the undersigned's *Order and Notice* (ECF No. 7), or the undersigned's *Order to Show Cause* (ECF No. 8); nor has Plaintiff contacted the Court or otherwise taken any other action in furtherance of this civil action.

## II.    **DISCUSSION**

Dismissal of this civil action is proper because Plaintiff has failed to comply with two Court Orders—and has failed to prosecute his claim—despite being expressly warned on two occasions that such inaction would result in the undersigned's recommendation that this matter be dismissed. The Federal Rules of Civil Procedure expressly authorize dismissal of an action when "the plaintiff fails to prosecute or to comply with the[ ] rules or a court order[.]" Fed. R. Civ. P. 41(b). Although Rule 41(b) does not expressly provide for *sua sponte* dismissal, it is well-established that "a district court has the inherent power to dismiss a case for lack of prosecution or violation of a court order . . . whether or not a defendant makes a motion requesting that such action be taken." *Ramsey v. Rubenstein*, 2:14-cv-03434, 2016 WL 5109162, at *2 (S.D. W. Va. Sept. 19, 2016) (citations omitted). "[B]uild[ing] upon a federal court's well-established inherent authority, of ancient origin, to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," the dismissal authority conferred by Rule 41(b)

"recognizes the foundational principle that courts must have the authority to control litigation before them," and to protect the orderly administration of the docket. *Id.*

In considering whether to dismiss an action *sua sponte* for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the Court must look to the following four factors: (1) plaintiffs' degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Ramsey*, 2016 WL 5109162, at *2 (citing *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990)) [hereinafter the "*Hillig* factors"]. The *Hillig* factors "are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether or not dismissal is appropriate." *Ramsey*, 2016 WL 5109162, at *2 (citing *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1991)). Although dismissal with prejudice is a harsh sanction which should not be invoked lightly, the ultimate dismissal decision is left to the discretion of the trial court. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); *Timmons v. United States*, 194 F.2d 357, 359 (4th Cir. 1952). Importantly, the Fourth Circuit has explained that "the district court should dismiss the case" when a plaintiff "has ignored an express warning that noncompliance with a court order will result in dismissal." *Bey ex rel. Graves v. Virginia*, 546 F. App'x 228, 229 (4th Cir. 2013) (per curiam) [hereinafter *Graves*]); *see also Douglas v. Heater*, 2:20-cv-00856, 2021 WL 784806, at *2 (S.D.W. Va. Mar. 1, 2021) (applying *Graves* and dismissing a civil action pursuant to Rule 41(b) due to Plaintiff's failure to prosecute).

Based upon the particular circumstances of this case, the undersigned **FINDS** that the four *Hillig* factors, on balance, strongly support dismissal with prejudice pursuant to

4

Rule 41(b) of the Federal Rules of Civil Procedure. The first factor—the degree of personal responsibility—weighs in favor of dismissal. The lack of forward progress in this matter is attributable solely to the Plaintiff's own conduct, in failing to respond to the Defendant's motion to dismiss by the February 14, 2025 deadline set forth in the undersigned's *Order and Notice*. (ECF No. 7). The undersigned's *Order and Notice* expressly placed responsibility for moving the case forward in the Plaintiff's hands. *See id*. However, Plaintiff did not take any action in response, ignoring the deadline to comply. Plaintiff further ignored the undersigned's subsequent *Order to Show Cause*, which once again expressly placed responsibility for moving the case forward in the Plaintiff's hands. (ECF No. 8). Plaintiff's failure to comply—along with his failure to seek relief from the Court's directives, or to otherwise communicate any intent to further prosecute this matter—renders Plaintiff personally responsible for the lack of forward progress in this matter. *See Favors v. Hickey*, 1:05-cv-0697, 2006 WL 1644180, at *2 (S.D.W. Va. June 12, 2006) (finding plaintiff's inaction to be the sole cause of four-month delay in proceedings, weighing in favor of dismissal under the first *Hillig* factor).

The second *Hillig* factor—the amount of prejudice caused to the defendant—also weighs in favor of dismissal, as Defendant has expended time and resources in preparing and prosecuting the motion to dismiss. (*See* ECF No. 5).

The third factor—a drawn-out history of deliberately proceeding in a dilatory fashion—likewise favors dismissal, for the same reasons set forth *supra* with respect to the first *Hillig* factor. Plaintiff ignored the undersigned's deadline to respond to Defendant's motion to dismiss. Plaintiff further failed to request an extension of time to do so and failed to otherwise seek relief from the requirements of the undersigned's *Order and Notice* or the undersigned's subsequent *Order to Show Cause*. Indeed, Plaintiff has

not taken any meaningful steps to move this case forward since Defendants removed the action to this Court on December 4, 2024.

The fourth and final *Hillig* factor—the effectiveness of sanctions less drastic than dismissal—also weighs in favor of dismissal, because Plaintiff has already chosen to ignore successive warnings that his failure to comply would result in the undersigned's recommendation to the presiding District Judge that this matter be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*See* ECF Nos. 7; 8). Consequently, just as the Fourth Circuit found in *Graves*, cited *supra*, this civil action should likewise be dismissed because Plaintiff "ignored an express warning that noncompliance with a court order will result in dismissal." *Graves*, 546 F. App'x at 229. *See also Douglas*, 2021 WL 784806, at *2 ("Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case."). Furthermore, the fourth *Hillig* factor particularly weighs in favor of dismissal because Plaintiff has not attempted to rectify or otherwise explain his noncompliance. Particularly when there is nothing in the record as it currently stands which would lead the Court to conclude that Plaintiff did not receive service of the undersigned's Orders, the undersigned **FINDS** that the record indicates Plaintiff has ignored the Court's express warnings that his noncompliance and continued inaction would result in dismissal.

Finally, Plaintiff's pro-se status in this matter does not exempt him from the obligation to comply with the directives of the Court, or with the resultant consequences for failure to meet that obligation. *See Short v. Colvin*, 5:10-cv-01078, 2013 WL 6388724, at *2 (S.D. W. Va. Dec. 6, 2013) (explaining propriety of dismissal despite plaintiff's pro-se status). In addition to the express notice afforded to Plaintiff in this matter that failure to comply with the undersigned's directive would result in the recommendation of

6

dismissal, the Court's operative Pro Se Handbook—which is publicly available on the Court's website—also explains to pro-se litigants that "[i]f you decide to proceed pro se, you will be responsible for learning about and following all the procedures that govern the court process . . . [and] for becoming familiar with and following the Court's local rules and procedures." *Id.* at §§ 2.3, 4. The Handbook also expressly notifies pro se parties that "[t]he Court may penalize a party or attorney for failing to comply with a law, rule or order at any point while a lawsuit is pending . . . and pro se litigants are subject to the same sanctions as licensed attorneys." *Id.* Absent any indication in the record that Plaintiff is "any . . . less legally sophisticated than any other non-lawyer," his pro-se status does not afford him a "free pass" to ignore Court orders. *Givens v. Criswell*, 5:08-cv-25, 2010 WL 10862445, at *2 (N.D. W. Va. June 24, 2010).

### III. **RECOMMENDATION**

Accordingly, for the foregoing reasons, the undersigned respectfully **RECOMMENDS** that *Defendant Family Dollar Stores of West Virginia, LLC's Motion to Dismiss the Plaintiff's Complaint* (ECF No. 5) be **GRANTED** as unopposed, and this civil action be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such

objection; further, pursuant to Rule 6(d), Plaintiff shall have an additional three (3) days after this fourteen-day period because service is made via U.S. Mail. Extension of this time period may be granted by the presiding District Judge for good cause shown. A copy of any objections shall be provided to Judge Goodwin, and to each opposing party—except that, if any opposing party is represented by counsel, that party's copy should be provided to his or her counsel.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation, and to transmit a copy to the District Judge, counsel of record, and any unrepresented party.

ENTERED: March 18, 2025

Dwane L. Tinsley
United States Magistrate Judge